NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRZEJ IWANICKI, <br><br> Plaintiff, <br><br> v. <br><br> BAY STATE MILLING COMPANY; <br> BAKERY, CONFECTIONARY, <br> TOBACCO WORKERS, AND GRAIN <br> MILLERS INTERNATIONAL UNION; <br> JOHN DOE(S) 1,2,3; AND ABC CORP., <br><br> Defendants. | Civil Action No. 11-1792 (CCC) <br><br> OPINION |

**CECCHI, District Judge.**

This matter comes before the Court by way of a motion to dismiss Plaintiff's Second Amended Verified Complaint. The motion was filed by Defendant Bay State Milling Company ("Bay State") pursuant to Federal Rule of Civil Procedure 12(b)(6). Submissions made in support of and in opposition to the instant motion have been considered by the Court.[1] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Based on the reasons that follow, Defendant's motion to dismiss is granted without prejudice.

**I.  BACKGROUND[2]**

---

[1] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. Of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

[2] The following facts are taken from the Second Amended Complaint, the factual allegations in which are accepted as true for purposes of Bay State's Motion. A detailed discussion of the underlying facts is set forth in this Court's Opinion granting Defendants' Motion to Dismiss the First Amended Complaint without prejudice. *See Iwanicki v. Bay State Milling Co.*, No. 11-01792, 2011 U.S. Dist. LEXIS 140944 (D.N.J. Dec. 7, 2011).

Plaintiff Andrzej Iwanicki ("Iwanicki" or "Plaintiff") worked as a miller for Bay State for over twenty years. (Second Amended Complaint ("SAC") ¶ 5.) He alleges that on or about December 10, 2008, he "suffered extreme and permanent injuries" while performing his work duties. (*Id.*) Plaintiff further alleges that "pursuant to promises of [Bay State]," he did not file a Workers' Compensation claim following the accident. (*Id.* ¶¶ 5-6.) On or about January 14, 2011, Bay State terminated Plaintiff's employment. (*Id.* ¶ 6.) Plaintiff asserts that his termination was in violation of Bay State's "express and implied promises" regarding his employment. (*Id.* ¶ 6) He alleges that he "detrimentally relied on Defendant's promises," refrained from pursuing a Workers' Compensation claim, and as a result, the statute of limitations on his claim lapsed. (*Id.*) In addition, Plaintiff was sixty-three years old at the time of his termination and he claims that his "age [was] a factor in his firing." (*Id.* ¶ 7.)

This action was originally filed on March 11, 2011 in New Jersey Superior Court and was removed to this Court on March 29, 2011. (*Id.* ¶ 2.) Plaintiff filed an Amended Complaint on April 12, 2011, in which he asserted claims against Bay State and others under various statutory and common law theories. (*See* First Amended Verified Complaint.) Bay State thereafter moved to dismiss the Amended Complaint. This Court granted that motion without prejudice on December 7, 2011, and gave Plaintiff leave to file a Second Amended Complaint. *See Iwanicki v. Bay State Milling Co.*, No. 11-01792, 2011 U.S. Dist. LEXIS 140944 (D.N.J. Dec. 7, 2011). Plaintiff filed a Second Amended Complaint on February 2, 2012. (*See* SAC.) Defendant Bay State now moves to dismiss the Second Amended Complaint.

## II.    LEGAL STANDARD[3]

---

[3] Plaintiff's Opposition asserts that the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) is "bad law" and "will not stand the test of time." (Pl. Opp. 4.) Plaintiff's argument regarding the pleading standard is inapposite. The *Iqbal* standard governs Rule 12(b)(6) motions and shall be followed by this Court.

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S. Ct. at 1949.

"While the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend a complaint should not be permitted if it would be futile." *Oliver v. Dep't of Human Servs.,* No. 09-5336, 2012 U.S. Dist. LEXIS 99039, at *17-18 (D.N.J. July 16, 2012) (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002)). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997))(internal quotations omitted).

## III.   DISCUSSION

### A.   Breach of Contract

The Second Amended Complaint asserts a sole cause of action for breach of contract. (SAC ¶ 4.) Plaintiff claims that Bay State's decision to fire Plaintiff was a "violation of [the] express and implied promises" made to Plaintiff regarding his employment. (*Id.* ¶ 6.) Plaintiff

3

further claims that he "detrimentally relied" on these promises and "therefore refrained from exercising his rights pursuant to the [W]orkers['] [C]ompensation act." (*Id.*) Bay State argues that Plaintiff has failed to identify "what the alleged promises were, who made them, when they were made, and how they were breached." (Bay State Br. 3-4.) Furthermore, Bay State contends that Plaintiff did not state that these promises "constituted a contract as required under New Jersey law." (*Id.* at 4).

To state a claim for breach of contract under New Jersey law, the plaintiff must allege facts demonstrating "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the [plaintiff] performed [his] own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). The plaintiff must also specifically identify the portions of the contract that were allegedly breached. *Skypala v. Mortgage Electronic Registration Systems, Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing a breach of contract claim where "the Complaint does not identify the provisions Plaintiff asserts were breached"); *see also Loceria Colombiana, S.A. v. Zrike Company, Inc.*, No. 10-5329, 2011 WL 735715, at *3, 4-5 (D.N.J. Feb. 22, 2011) (dismissing breach of contract and good faith and fair dealing claims when defendant failed to identify the contract that was allegedly breached).

Here, Plaintiff alleges that he "was fired without cause by [Bay State] in violation of its express and implied promises" regarding Plaintiff's employment. (SAC ¶ 6.) He also claims that he "detrimentally relied on Defendant's promises regarding [his] continued employment and therefore refrained from exercising his rights pursuant to the workers compensation act." (*Id.*) However, Plaintiff has failed to identify the contract that was allegedly breached. He also does

4

not assert that the promises allegedly violated by Bay State constituted a contract. Thus, Plaintiff has failed to plead the facts necessary to support its breach of contract claim.

### B. § 301 of the Labor Management Relations Act Claim

Bay State also argues that because Plaintiff was a member of the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union Local 53 ("Union"), his breach of contract claim "involves the interpretation of a collective bargaining agreement and is therefore preempted by § 301 of the Labor Management Relations Act [LMRA], 29 U.S.C. § 185(a)." (Bay State Br. 4.)

> Section 301(a) of the LMRA provides:
>
> Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States.

29 U.S.C. § 185(a). "[W]hen resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor contract law." *Briones v. Bon Secours Health Sys.*, 69 Fed. Appx. 530, 534 (3d Cir. 2003); *see also Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985) ("The interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation."). Here, Plaintiff is a member of the Union, and while he has asserted contract law claims under state law, he has not identified the alleged express and implied promises forming the contract. Therefore, the Court cannot determine whether these claims require analysis of the relevant collective bargaining agreement ("CBA").

Even if Plaintiff's claims are construed as § 301 claims, however, they still fail. "Under federal labor law, aggrieved employees must exhaust their CBA's grievance and arbitration

procedures before filing a complaint in federal court 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1537 (3d Cir. 1992). "Failure to plead exhaustion can serve as a basis for dismissal of § 301 claims under Rule 12(b)(6)." *Pickett v. Ocean-Monmouth Legal Servs.*, No. 11-6980, 2012 U.S. Dist. LEXIS 9982, at *8 (D.N.J. Jan. 27, 2012); *see also, Carpenter v. Wawa*, No. 09-2768, 2009 U.S. Dist. LEXIS 112509, at *9-10 (E.D. Pa. Dec. 3, 2009). The Second Amended Complaint does not allege any facts to indicate that Plaintiff exhausted the CBA's grievance procedures before filing his complaint. As such, he has not stated a valid § 301 claim.

Furthermore, when an employee brings a § 301 claim against his employer, he must establish that the Union breached the duty of fair representation. *See Albright v. Virtue*, 273 F.3d 564, 576 (3d Cir. 2001); *see also Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). Plaintiff's First Amended Complaint included claims against the Union. However, those claims were dismissed in this Court's decision, *Iwanicki v. Bay State Milling Co.*, No. 11-01792, 2011 U.S. Dist. LEXIS 140944, at *39-43 (D.N.J. Dec. 7, 2011). The Second Amended Complaint does not include any claims against the Union, nor does it present any facts to support a claim that the Union breached its duty of fair representation. Thus, the Court finds that Plaintiff's Complaint cannot be construed to state any § 301 claims. Based on this and the foregoing reasons, Plaintiff's claim for breach of contract is dismissed.

### C. Promissory Estoppel[4]

Defendant argues that if the Court chooses to construe Plaintiff's claim as one for promissory estoppel rather than breach of contract, Plaintiff's claim also fails because he does

---

[4] Plaintiff states that "[t]he sole cause of action [in this matter] is for breach of contract pursuant to common law." (SAC ¶ 4.) However, the Court will address the argument raised by Bay State regarding any other potential claims.

not "identify or describe the alleged promises that were made, why his reliance on such promises was reasonable, or how such reliance caused him 'definite and substantial detriment.'" (Bay State Br. 5.) In order to state a claim for promissory estoppel, Plaintiff must satisfy the following elements: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll Bros., Inc. v. Bd. Of Chosen Freeholders of County of Burlington*, 194 N.J. 223, 253 (N.J. 2008).

The Second Amended Complaint alleges that Plaintiff detrimentally relied upon Bay State's promises regarding his employment. (SAC ¶¶ 5-6.) Plaintiff contends that as a result of his reliance, he was delayed in filing a workers compensation claim before the statute of limitations expired. (SAC ¶ 6.) Plaintiff does not, however, provide further elaboration as to the "clear and definite promise" made by Bay State. In fact, he has not even stated the content of the alleged promises. Accordingly, even if this Court were to construe Plaintiff's claim as one for promissory estoppel, Plaintiff's complaint is insufficient.

### D. Age Discrimination Claim

While Plaintiff has not asserted a claim for Age Discrimination, the Second Amended Complaint alleges that "age [was] a factor in [Plaintiff's] firing" and his Civil Cover Sheet states that his claim has "elements of [the Age Discrimination in Employment Act ("ADEA")]." (*See* SAC ¶ 7; Pl. Civil Cover Sheet.) Bay State argues that Plaintiff "does not state a valid ADEA claim because the Second Amended Complaint merely alleges, in conclusory terms, that Plaintiff's age was a factor Bay State considered when it terminated his employment." (Bay State Br. 5.)

> The ADEA provides in relevant part:
>
> It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his

7

>compensation, terms, conditions, or privileges of employment, because of such individual's age;

29 U.S.C. § 623(a). A plaintiff asserting a cause of action under the ADEA must prove that age "made a difference" in an employer's decision to terminate an employee. *Perry v. Prudential-Bache Sec., Inc.*, 738 F. Supp. 843, 850 (D.N.J. 1989) *aff'd sub nom. Perry v. Prudential Bache Sec., Inc.*, 904 F.2d 696 (3d Cir. 1990) (finding that jokes about plaintiff's age and termination based on factors that sometimes accompany advancing age are not enough to sustain an age discrimination claim under the ADEA). Vague and conclusory allegations are insufficient to state a claim for age discrimination. *See Sangi v. Warren Hosp.*, No. 10–4571 2011, WL 4857933 (D.N.J. Oct. 11, 2011) (dismissing ADEA claim because the only factual support offered by the plaintiff in support of her claim – her age and that she was terminated – did not establish a claim of age discrimination).

Here, Plaintiff maintains that his age factored into Bay State's decision to discharge him. (SAC ¶ 7.) The Second Amended Complaint states that Plaintiff is now sixty-four and is unemployed and without health coverage. (*Id.*) Furthermore, Plaintiff argues that his age "reduce[s] his ability to mitigate damages and . . . increase[s] the harm that he has suffered at the hands of [Bay State]." (*Id.*) Plaintiff's assertions only indicate how his age has impacted him following his termination, but do not show that his age "made a difference" in Bay State's decision to terminate him. *See Perry*, 738 F. Supp. at 850. Thus, Plaintiff has failed to state a claim for age discrimination under the ADEA.

Even if Plaintiff's assertions did establish a claim for age discrimination, his claim would still fail as untimely filed. Under federal law, a claim must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days from the date of the adverse employment decision. 42 U.S.C. § 2000e-5(e)(1); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir.

2000). Plaintiff was terminated from his position with Bay State on or about January 14, 2011. (SAC ¶ 6.) The Second Amended Complaint was filed on February 2, 2012, well over 300 days after Plaintiff's date of termination. Plaintiff concedes that he did not file his claim with the EEOC after he was terminated. (SAC ¶ 7.) Therefore, Plaintiff's claim for age discrimination fails to meet both the pleading and procedural requirements under the ADEA. Accordingly, the Court grants Bay State's motion to dismiss Plaintiff's age discrimination claim.

### E. Abandonment of Plaintiff's Breach of Contract and Age Discrimination Claims

Bay State finally argues that Plaintiff has "abandoned his claims" because he failed "to respond to the case law and argument in Bay State's opening memorandum." (Bay State Br. 2); see *Totalogistix, Inc. v. Marjack Co., Inc.*, No. 06-5117, 2007 WL 2705152 (D.N.J. Sept. 14, 2007) (finding that plaintiff abandoned his claim by not offering a defense in its opposition papers to the defendant's arguments). Plaintiff's Opposition and Sur-reply do not respond to the arguments in Bay State's moving brief, nor do they offer additional case law or facts to support Plaintiff's position. Instead, Plaintiff restates the factual positions and allegations that were originally stated in the Second Amended Complaint. (Pl. Further Opp'n 4.) Even if Plaintiff did not intend to abandon his claims, they have not been properly pled as described herein, and shall therefore be dismissed.

### IV. CONCLUSION

Based on the reasons set forth above, Defendant's motion to dismiss Plaintiff's Second Amended Complaint is granted without prejudice. To the extent the deficiencies in such claims can be cured by way of amendment, Plaintiff is granted thirty days to reinstate this matter and file an Amended Complaint solely for purposes of amending such claims. To the extent Plaintiff

seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

An appropriate Order accompanies this Opinion.

DATED: September 21, 2012

_____
**CLAIRE C. CECCHI, U.S.D.J.**